UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEF KIRK FISCHL,<br>　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>NICHOLAS BRZEZNIAK, *et al.*,<br>　　　　　　　　　　　Defendants. | DECISION<br>and<br>ORDER<br><br>05-CV-700F<br>(Consent) |

　　　　In this civil rights action Plaintiff alleges unnecessary and excessive force in retaliation for Plaintiff's complaints regarding an alleged loss of recreation time and for filing administrative complaints, in violation of the Plaintiff's First and Eighth Amendment rights and Plaintiff's right to due process.  Before the court is Plaintiff's motion to compel responses to Plaintiff's request for admissions and document requests filed June 27, 2007 (Doc. No. 72) and to amend the Scheduling Order for this case, filed July 9, 2007 (Doc. No. 73).

　　　　Defendants opposed Plaintiff's motions by filing the Declaration of Ann C. Williams, Assistant New York State Attorney General (Doc. No.75).  Plaintiff's reply declaration was filed August 8, 2007 (Doc. No. 76).

　　　　Regarding Plaintiff's document requests, Plaintiff contends he should receive "all misbehavior reports" Defendant correctional officers filed by these Defendants against other inmates based on the inmates' alleged assaults on a staff person.  Here, Plaintiff claims Defendants physically assaulted him in retaliation for Plaintiff's complaints.  The question of liability at issue in the instant case is whether the assault upon Plaintiff occurred as Plaintiff alleges and, as such, the actions of the correction officer Defendants against other inmates charging such inmates with misconduct is irrelevant to the validity of Plaintiff's allegations.  Accordingly, Plaintiff's motion as directed to

Defendants' alleged failure to comply fully with Plaintiff's document requests is DENIED.

Regarding Plaintiff's request for admissions, the court notes that Plaintiff served 76 pages of such requests directed to each Defendant.  On March 26, 2007, Defendants served responses to each set of requests.  For example, as to Defendant Brzezniak, Defendant served responses to 25 of Plaintiff's 34 requests (Doc. No. 39).  As to other Defendants, Defendants served responses to each of Plaintiff's requests.  For example, as to Defendant Hausberger, Defendant served responses to each of Plaintiff's 15 requests (Doc. No. 41).  Plaintiff maintains, however, that Defendants have nonetheless failed to respond to all of Plaintiff's requests (Doc. No. 76 ¶ 11).

Fed.R.Civ.P. 36 provides that where an answering party fails to respond to a proper request, the request is deemed admitted, unless the responding party interposes a valid objection.  Fed.R.Civ.P. 36(c).  Here, while Defendants have stated a general objection that Plaintiff's requests seek information beyond the scope of permissible discovery, the court is unable to determine exactly which of Plaintiff's numerous requests were not answered based on such objection so as to enable the court to rule on the validity of such generalized objection.  Defendants may file specific objections to any of Plaintiff's requests regarding which Defendants may have failed to respond.  Absent service of such particularized objections, any of Plaintiff's unanswered requests will be deemed admitted.  Fed.R.Civ.P. 36(a).  Defendants' amended answers, if any, including any specific objections thereto, shall be served not later than **September 14, 2007**.

As to Plaintiff's requests for amendment to the Scheduling Order, Plaintiff has

failed to demonstrate good cause for such proposed amendment as required by Fed.R.Civ.P. 16(b).  Accordingly, Plaintiff's motion (Doc. No. 73) is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel (Doc. No. 72) is DENIED; Plaintiff's motion to amend the Scheduling Order (Doc. No. 73) is DENIED, and the case shall proceed in accordance with the Amended Scheduling Order filed April 30, 2007 (Doc. No. 56).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2007
      Buffalo, New York